UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


VALERIE TAYLOR,

               Plaintiff,                              Civil No. 09-282-HA

               v.                                 OPINION AND ORDER

COMMISSIONER of Social Security,

               Defendant.
_____


HAGGERTY, District Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration denying her application for disability insurance benefits (DIB) and Supplemental

Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and

remanding this case for further proceedings. This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c)(3).


1  - OPINION AND ORDER

After reviewing the record of this case and evaluating counsel's arguments, this court concludes that this action must be remanded for additional administrative proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her current applications for DIB and SSI benefits in October, 2005, alleging disability since August 5, 2005. Tr. 24.[1] Plaintiff's applications were denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on October 31, 2007, and subsequently issued a decision on January 22, 2008 finding that plaintiff was not disabled. The Appeals Council denied review, rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

Plaintiff was previously found disabled for a stipulated closed period from December 10, 2001 to August 1, 2003. At the time of her hearing on her current applications, plaintiff was forty-five years old. She has a high school education plus one year of college, and her past relevant work experience includes jobs as a cashier, fast food worker, a laundry worker, a housekeeper for motels, a stock attendant, a nursery worker, and a "checker I." Tr. 31, 345, 712-14. Relevant details about plaintiff's medical conditions and other facts are provided below.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

1    Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least one of the claimant's impairments is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability. *Tackett*, 180 F.3d at 1098.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Orn v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).  This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).  A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.  *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since August 5, 2005, the alleged disability onset date.  Tr. 26, Finding 2.

5   - OPINION AND ORDER

At step two, the ALJ found that plaintiff suffered the following severe impairment: degenerative disc disease. Tr. 26, finding 3.

At step three the ALJ found that plaintiff's impairment did not meet or equal a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. Tr. 28, Finding 4.

The ALJ determined that plaintiff had the RFC to perform light work, except that she was limited to: frequently lifting ten pounds and occasionally lift twenty pounds; standing or walking (with normal breaks) for a total of about six hours out of an eight hour day; sitting (with normal breaks) about six hours in an eight hour day; pushing or pulling within the weight limitations noted; and occasionally climbing, stooping and crouching. Tr. 28.

At step four, the ALJ found that plaintiff was able to perform her past relevant work as a checker. Tr. 31, Finding 6. In the alternative, at step five, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff could perform representative occupations that existed in significant numbers in the national economy, such as an order clerk of food and beverage, a routing clerk (small delivery), and a warehouse checker. Tr. 31, Finding 6. Accordingly, the ALJ concluded that plaintiff was not eligible for DIB or SSI benefits.

## QUESTION PRESENTED

Primarily, plaintiff alleges that the ALJ erred in (1) his step two analysis; (2) his step three analysis; (3) discounting plaintiff's testimony, and (4) failing to develop the record.

## DISCUSSION

### 1.    Step two

As noted above, at step two of the sequential process an ALJ is required to conclude whether a claimant suffers from a severe impairment, one which has more than a slight effect on

the claimant's ability to work.  To establish the existence of a severe impairment, the claimant

must prove the existence of a physical or mental impairment by providing medical evidence

consisting of signs, symptoms, and laboratory findings, and the claimant's self-reporting alone

will not suffice.  *See* 20 C.F.R. §§ 404.1508; 416.908.  An overly stringent application of the

severity requirement at step two violates the statute by denying benefits to claimants who do

meet the statutory definition of disabled.  *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).

Instead, the step two inquiry is viewed as a *de minimis* screening device to dispose of

groundless or frivolous claims.  *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

The Commissioner's regulations provide that a claimant's impairment may be found to be

"non-severe" only when evidence establishes that the impairment is a "slight abnormality" that

has "no more than a minimal effect on an individual's ability to work."  *Corrao*, 20 F.3d at 949

(citing Social Security Ruling (SSR) 85-28).  The ALJ must consider the combined effect of all

of the claimant's impairments on his or her ability to function, without regard to whether each

alone was sufficiently severe.  *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991).  This "combined

effect" must be considered throughout the entire disability determination process.  *Id*.  As SSR

85-28 provides:

> A determination that an impairment(s) is not severe requires a careful evaluation
> of the medical findings which describe the impairment(s) and an informed
> judgment about its (their) limiting effects on the individual's physical and mental
> ability(ies) to perform basic work activities; thus, an assessment of function is
> inherent in the medical evaluation process itself.  At the second step of sequential
> evaluation, then, medical evidence alone is evaluated in order to assess the effects
> of the impairment(s) on ability to do basic work activities

.

SSR 85-28.

Here, plaintiff's counsel asserts that plaintiff (without representation) presented to the ALJ evidence regarding facet joint arthrosis, depression, "symptomatic leiomyomatous uterus and cystocele," a "grade II spondylolisthesis with failed back syndrome," a "Right L5/S1 radiculopathy with lateral recess stenosis," "osteophytes," and "cervical spine impairments." Opening Br. at 4-8.

Defendant's primary response is that "the step two inquiry is merely a threshold determination of whether a claimant is able to perform past work, and that even if an ALJ finds the existence of severe impairments at step two, it "does not necessarily mean the claimant has a significant limitation at any subsequent step." Df. Br. at 5 (internal quotations and citations omitted). Moreover, defendant contends that because the ALJ found one severe impairment and continued to step three, any error in failing to acknowledge other severe impairments should be deemed harmless. *Id*. at 6. Defendant also asserts that plaintiff failed to identify "any credible substantial evidence in the medical record of specific functional limitations as a result of these [overlooked] impairments that would have impacted the ALJ's analysis." *Id*. at 7.

Plaintiff is not arguing that she would have qualified for benefits but for the ALJ's omission of severe impairments, and counsel would likely agree that identifying severe impairments at step two "does not necessarily mean the claimant has a significant limitation at any subsequent step."

However, failing to acknowledge all of plaintiff's severe impairments was not rendered harmless simply because the ALJ successfully identified one severe impairment and proceeded to analyze subsequent steps. Identifying only one severe impairment narrowed the scope of the ALJ's subsequent analysis, and likely led to diminished consideration of plaintiff's testimony and

affected the ability to determine whether plaintiff is disabled.  This court concludes that the evidence plaintiff presented regarding her impairments was sufficient to satisfy the *de minimis* threshold at step two.  *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (even an incomplete picture of a claimant's overall health during the relevant period may include evidence of problems sufficient to pass the *de minimis* threshold of step two).  While the question of the extent of specific functional limitations arising from the impairments at issue may require substantiation, the interests of justice compel a remand for further proceedings for that purpose. *Id*. (the ALJ has an affirmative duty to supplement incomplete medical records before rejecting a claimant's petition at so early a stage in the analysis) (citations omitted).

> 2.      **Remand**

Plaintiff's other arguments – and defendant's responses – have been considered, and the record scrutinized.  Because a remand for further proceedings is warranted, an analysis of plaintiff's other arguments is unnecessary.  The court is confident that upon remand, the Commissioner will ensure that all severe impairments presented by the medical record will be identified, addressed, and that the appropriate standards will be applied in the five-step analysis and in evaluating the testimony and evidence submitted.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g).  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).  The issues presented here compel a remand under sentence four.

The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  "[A] remand for further proceedings is unnecessary if the record

is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings. The parties shall endeavor to obtain a complete picture of the scope of plaintiff's impairments and the extent of her functional limitations.

## CONCLUSION

This court concludes that the decision of the Commissioner regarding Valerie Taylor must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   23   day of September, 2010.


    /s/ ANCER L. HAGGERTY
     ANCER L. HAGGERTY
     United States District Judge